IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM DANDRIDGE SEGLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-243-MJR |
| ) | |
| PRISONER TRANSPORT SERV., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, formerly an inmate in the Federal Correctional Institution at Greenville, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　(1) is frivolous, malicious, or fails to state a claim on which relief
> 　　may be granted; or
> 　　(2) seeks monetary relief from a defendant who is immune from such
> 　　relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is legally frivolous and thus subject to summary dismissal.

The facts presented in the complaint are sketchy, but the Court gleans the following scenario: at one time, Plaintiff was in custody of the sheriff's department in Oklahoma City and/or County. That entity contracted with Prisoner Transport Services ("PTS"), and Plaintiff was scheduled for transport to F.C.I. Greenville. Apparently something happened to Plaintiff while he was with PTS, which required medical treatment of some form. During the course of this treatment, Plaintiff contracted a staph infection. Plaintiff asserts two claims: first, that Oklahoma City/County did not follow proper procedures in contracting with PTS. Second, PTS failed to follow proper procedure during his transportation to Greenville. Based on these vague allegations, Plaintiff seeks $500,000 in damages for violations of his civil rights.

The first potential constitutional claim involves medical treatment, and the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996). Plaintiff's vague allegations regarding a staph infection do not rise to the level of an Eighth Amendment violation – he makes no allegations that any particular defendant acted with the requisite mental intent in the course of providing him with medical treatment.

As for Defendants' alleged failure to follow proper procedures, such a claim sounds in negligence. However, allegations of negligence do not give rise to any constitutional violation.

*Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Although the Court empathizes with him, Plaintiff simply has not stated any constitutional claim upon which relief may be granted.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice, and Plaintiff's motion for a hearing (Doc. 6) is now **MOOT**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 18th day of July, 2006.**

          **s/ Michael J. Reagan**
          **MICHAEL J. REAGAN**
          **United States District Judge**